William K. Enger (SBN 143808)
Randy R. Haj (SBN 288913)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email:    William.Enger@wilsonelser.com
          Randy.Haj@wilsonelser.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, | Case No.: |
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT AND ACCOUNT STATED** |
| v. | **THE AMOUNT OF THE DEMAND IN THIS ACTION IS OVER $75,000** |
| PURPOSE DRIVEN PERSONNEL, INC., | |
| Defendant. | |

Plaintiff, Hartford Accident and Indemnity Company, by and through its undersigned attorneys, as and for its Complaint against Defendant, Purpose Driven Personnel, Inc., alleges as follows:

**Nature of Action**

1.     This is an action for breach of contract to recover money damages based upon Defendant's failure to pay the full premiums owed under a workers compensation insurance policy issued by Plaintiff.

**Parties**

2.     Plaintiff, Hartford Accident and Indemnity Company ("Hartford") is a Connecticut corporation which maintains its principal place of business at One Hartford

1
**COMPLAINT**

3049070v.1

Plaza, Hartford, Connecticut 06155. Hartford is engaged in the business of insurance.

3. Defendant Purpose Driven Personnel, Inc. ("Defendant" or "PDP") is a California corporation which maintains its principal place of business at 9810 Painter Avenue, Suite D, Whittier, California 90605.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

5. Venue of this action in the Central District of California is proper under 28 U.S.C. § 1391(b) in that it is the District where Defendant resides and where a substantial part of the events giving rise to this action occurred.

## Background Facts

6. At the request of Defendant, Hartford issued Workers Compensation Insurance Policy No. 76 WEG PH5651 for the period of July 1, 2015 to July 1, 2016 (the "Policy"). A true and correct copy of the Declaration Pages for the Policy is annexed hereto as **Exhibit A**.

7. Pursuant to the Policy, PDP agreed to pay certain estimated premiums to Hartford. Premiums were initially estimated based upon the information provided by Defendant and subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the Policy period.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

8. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 7 as if fully set forth herein.

9. At the conclusion of the Policy period, Hartford performed an audit of the applicable books and records of Defendant. As a result of the audit, it was determined that Defendant owed additional premiums in the sum of $103,910.42 (the "Additional

1  Premiums") for the insurance coverage provided by the Policy. A true and correct copy of the Audit is annexed hereto as **Exhibit B**.

10. The primary reason for the assessment of Additional Premiums was that Defendant had misrepresented the nature of its business operations and its employees in its application for the Policy. Defendant initially represented that it was a placement staffing agency that did not lease employees, and that it had an estimated annual payroll of approximately $1,040,000 for clerical workers resulting in a relatively modest estimated annual premium of $7,394.00.

11. After the audit, during which Defendant refused to fully cooperate with Hartford, it was determined that Defendant's actual payroll was at least $2,084,000, with very few clerical employees. Rather, Defendant was apparently operating as a temporary staffing agency that leased employees as warehouse laborers who would be subject to a much higher employee class code.

12. Defendant also intentionally failed to disclose to Hartford during and after the application process that there were already pending workers compensation claims incurred by its employees. Rather, Defendant affirmatively represented to Hartford that it had no such claims.

13. On several occasions, Hartford sent Defendant a Final Insurance Bill setting forth the Additional Premiums owed under the Policy and demanding payment. A true and correct copy of the Final Insurance Bill sent to Defendant is annexed hereto as **Exhibit C**.

14. Defendant has wrongfully refused to pay the Additional Premiums owed to Hartford and thereby breached the terms and conditions of the Policy.

15. As a result of Defendant's breach of contract, Hartford has been damaged in the amount of not less than $103,910.42 (excluding interest, fees and costs).[1]

---

[1] The principal shareholder, president and registered agent for Defendant is Troy P. Osborne. Hartford hereby reserves all of its rights to assert claims for misrepresentation and alter ego against Mr. Osborne, either in an amended complaint filed herein or in a separate action.

3
**COMPLAINT**

3049070v.1

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

16. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 15 as if fully set forth herein

17. The amount of unpaid Additional Premiums owed to Hartford pursuant to the Policy is $103,910.42.

18. The Audit and Final Insurance Bill issued to Defendant created an express and implied agreement between the parties as to the Additional Premiums due Hartford under the Policy.

19. Defendant received and retained the Final Insurance Bill and did not, contemporaneously or reasonably thereafter, object to or dispute the amounts or charges contained therein and thereby accepted the invoice.

20. Defendant has wrongfully failed to pay the Additional Premiums invoiced despite Hartford's numerous demands for payment.

21. Defendant's failure to pay the amount due has caused Hartford to suffer damages.

22. As a result of Defendant's failure to pay the amount due as invoiced, Hartford has been damaged in the amount of not less than $103,910.42 (excluding interest, fees and costs).

WHEREFORE, Plaintiff Hartford Accident and Indemnity Company hereby demands that a judgment be entered against Defendant Purpose Driven Personnel, Inc. in the amount of $103,910.42, together with pre- and post-judgment interest thereon, and an

3049070v.1

1 | award of the fees, costs and expenses incurred by Hartford herein, and such other, further,
2 | and different relief as the Court may deem just and proper.

Dated: May 16, 2018

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
William K. Enger
Randy R. Haj

Attorneys for Plaintiff

HARTFORD ACCIDENT AND
INDEMNITY COMPANY